withstanding such irregularities, the action was properly decided. *Lewis v. Jones,* 13 *Abbott Pr.,* 427; *Voorhies' Code,* 485.

*By the Court,* SAFFORD, J.

The decision of the court below is reversed and a new trial ordered.

## STEAMBOAT "MAJORS" V. ELENOR MASON.

### *Error from Leavenworth County.*

*Decided February 5th, 1866.*

1. DAMAGES: MEASURE OF.—When a trunk containing articles of wearing apparel was delivered to a steamboat to be carried to a neighboring town, and was lost by neglect of the carrier, the measure of damages is the value of the property at the time and place of delivery, unless it is made to appear that the value was different at the place of destination.

2. ID: NEW TRIAL.—Where the court instructed the jury in accordance with the above rule, and a verdict was found for the value of the property lost, such verdict will not be disturbed because the court refused to instruct the jury that the measure of damages was the value of the property at the port of destination.

This action was brought to recover the value of a trunk and contents, delivered to plaintiff in error by defendant in error, at Parkville, Mo., to be carried to Weston, Mo., and there to be delivered to her in care of one B. .The trunk and contents were lost. The case was tried before a jury. Evidence was introduced tending to show that the trunk was lost through the neglect or carelessness of the defendants below; and also the relative situation of Parkville and Weston Mo.; and the contents of the trunk and the value thereof at Parkville were given, but no evidence was introduced as to the value at Weston. The defendant below

asked the court to instruct the jury that if they find for the plaintiff, they must find the measure of damages to be the value of the goods at the point of destination, to-wit: Weston, Mo., which instruction the court refused to give, but charged the jury that the measure would be the value at the point of shipment. A verdict was found for plaintiff below. A motion for a new trial was made and overruled, and exceptions to the ruling preserved.

*J. L. Pendery*, for plaintiff in error.

*Burns & Tipton*, for defendant in error.

*Pendery for plaintiff*, made the following point:

1. The court erred in its measure of damage. The true measure is the market value of the goods at the point of destination, at the time they should have arrived. *Angel Car.*, 460; *Sedgw. Dam.*, 355; *Warden v. Green*, 6 *Watts*, [*Pa.*] 424; *Odin v. Foster*, 10 *id.*, 418; *Brackett v. McNair*, Johns., 170; *Wallace v. Vigins*, 4 *Blackf.*, 260; *McGregor v. Kilgore*, 6 *Ohio*, *Steamboat Emily v. Carney & Stevens*.

*Burns & Tipton*, for defendant in error, maintained:

1. The goods being principally personal wardrobe, presents a different case than if they consisted of merchandise. Under the circumstances proved, the damages were correctly measured. *Stephen's Nisi Prius* 1,000.

2. The question of damages in the case at bar is one akin to damages in trover. *Sedgk. Dam.*, 356.

3. The ports of shipment and destination, situate in the same county, and so near each other that the value at one may be, in the absence of proof, presumed to be the value at the other. Hence the defendant below was not injured. 8 *Ind.*, 1.

*By the Court*, BAILEY, J.

The judgment below is affirmed.